UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Dupree | Civil Action No. 6:19-00734 |
| Versus | Judge Michael J Juneau |
| Mercedes-Benz U S A L L C et al | Magistrate Judge Carol B Whitehurst |

### REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Motion To Dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(6) filed by defendant, Airstream, Inc. ("Airstream") [Rec. Doc. 4,], Plaintiff, Gene Dupree's, Opposition [Rec. Doc. 11] and Airstream's Reply thereto [Rec. Doc. 14]. For the reasons that follow, the Court will recommend that the Motion be granted in part and denied in part.

### I.  BACKGROUND

This case arises under the Magnuson-Moss Warranty Act. Plaintiff alleges that on March 11, 2013, he purchased a new 2013 Mercedes-Benz/Airstream Sprinter/Interstate vehicle ("the Vehicle") from Turan-Foley Motors, Inc. d/b/a Foley RV Center and Airstream of Mississippi ("Foley RV") in Gulfport, Mississippi for the purchase price, excluding fees and costs, of approximately $118,731.00. *R. 1*. The Vehicle was manufactured by Mercedes-Benz, USA, LLC and Airstream, Inc. *Id.* He further alleges he negotiated the sale with Foley RV sales

representatives over the telephone from his residence in Lafayette, La., and that he purchased the Vehicle for "purely personal recreation and enjoyment purposes." *Id.,* ¶ *6.*

Plaintiff alleges that subsequent to his purchase, the Vehicle was subject to nine attempted repairs performed by authorized dealers and service centers of seller/manufacturer, Mercedes-Benz USA, LLC., for problems which caused the Vehicle's "ABS" EPS" and/or "Check Engine" lights to become illuminated, rendering the unit's cruise control and other systems inoperable. *Id.* ¶ *14 (a – i)*. Plaintiff further alleges that the most recent repair was attempted and completed by Atlanta Classic Cars, Inc. in Duluth, Georgia, a Mercedes-Benz USA, LLC-authorized dealer and service center, after these defective conditions reappeared on March 19, 2019. Plaintiff filed this action on June 11, 2019, asserting redhibition/breach of warranty claims under Louisiana state law and under the federal Magnuson-Moss warranty act.

## II. CONTENTIONS OF THE PARTIES

Airstream asserts in its motion that Plaintiff's redhibition/breach of warranty claims are prescribed and/or barred by the applicable statute of limitations and should be dismissed under Rule 12(b)(6). Airstream also asserts that Plaintiff's claims against it should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction over Airstream. As a non-resident defendant, Airstream contends

Plaintiff cannot establish that Airstream has constitutionally sufficient minimum contacts with Louisiana in order to exercise specific or general personal jurisdiction.

Plaintiff argues that that he filed this action in a timely manner pursuant to La. C.C. art. 2534, which governs prescriptive periods in an action for Redhibitory defects. Plaintiff further argues Airstream's "persistent and purposeful contacts" with Louisiana provide sufficient minimum contacts which supports this Court's exercise of personal jurisdiction over Airstream.

## III. LAW AND ANALYSIS

### A. Motion To Dismiss Standards

A motion pursuant to Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *See Rd. Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO v. CCR Fire Prot., LLC*, 2018 WL 3076743, at *4 (M.D. La. June 21, 2018).

"Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between

3

the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990. Courts may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

Although Airstream's Motions to Dismiss also seek dismissal of Plaintiff's claims on grounds other than lack of personal jurisdiction—that Plaintiff's claims are barred by prescription or the applicable statute of limitations—the Court finds that the personal jurisdiction issue is dispositive of the instant case. Therefore, the Court declines to address Airstream's other ground for dismissal.

### B. Personal Jurisdiction

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Here, these two inquiries merge into one because Louisiana's long arm statute, La.R.S. 13:3201, permits jurisdiction coterminous with the scope of the due process clause. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir.1990).

To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have "purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state"; and (2) the exercise of jurisdiction over the defendant cannot "offend traditional notions of fair play and substantial justice.". *Central Freight*. at 380-381. Due Process is satisfied when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Stuart*, 772 F.2d at 1191 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction is proper when the defendant's contacts with the forum state are not only "substantial" but also "continuous and systematic;" furthermore, such contacts need not relate to the pending litigation. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The contacts must be "extensive" to satisfy the "continuous and systematic" test, such that the nonresident defendant's affiliations with the forum state render it essentially at home in the forum state. *Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). This is a difficult test to meet. *Johnston*, 523 F.3d at 609 (citing *Submersible Sys.*, 249 F.3d at 419). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the

5

requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction...." *Johnston*, 523 F.3d at 609-10 "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id*. at 610.

"When the contacts are less extensive, the court may still exercise specific personal jurisdiction where a 'nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.' " *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo*., 615 F.3d 364, 368 (5th Cir. 2010). "A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc*., 9 F.3d 415, 419 (5th Cir. 1993). *See Hanson v. Denckla,* 357 U.S. 235, 253 (1958) ) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). Courts have held that the "minimum contacts" prong is satisfied by actions by which the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id*. Therefore, "[t]he non-resident[ ] [defendant's] purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." *Id*.

## C. *Whether the Court has Personal Jurisdiction Over Airstream*

Airstream argues that it has no meaningful contacts with the state of Louisiana for either specific or general jurisdiction. In support, it attaches the Declaration of Rick March, The General Manager of Airstream's Customer Relations Group, responsible for Airstream's Warranty, Customer service, Parts and Service Departments. *R. 4-2*. March states the following: (1) Airstream is a Nevada corporation with its principal place of business in Ohio, *R. 4-2, ¶5;* (2) Airstream does not have any employees in Louisiana, and instead, its employees are located in Ohio, *Id, ¶6*; (3) Airstream does not own or lease property in Louisiana and has no bank accounts in the state, *Id., ¶ 7*; (4) Aside from a registered agent, Airstream maintains no business presence or facilities in Louisiana, *Id., ¶8*; (5) Airstream does not actively directly market its products to consumers in Louisiana, *Id., ¶9*; (6) Airstream manufactures its recreational vehicles (including the Plaintiff's vehicle at issue) at its manufacturing facility in Ohio, not Louisiana , *Id., ¶10*. (7) Airstream did not sell the recreational vehicle directly to the Plaintiff in Louisiana (or anywhere else), *Id., ¶12;* (8) As a manufacturer, Airstream had no direct contractual relationship with the Plaintiff, *Id., ¶11*; (9) Airstream sold and delivered the Plaintiff's vehicle to Foley RV, located in Gulfport, Mississippi. Foley RV is an independent dealer, which is not controlled or owned by Airstream, and is not licensed to sell Airstream vehicles in Louisiana, *Id., ¶12*; (10) Airstream never had

7

any contact or involvement, whatsoever, with Plaintiff in regard to the purchase of the Vehicle at issue, *Id., ¶13*; (11) Plaintiff never tendered the Vehicle at issue to Airstream for repair of the alleged defects; and (12) Airstream does not control or own any interest in Foley RV, Mercedes-Benz USA, LLC; BIJ LA, LLC d/b/a Mercedes-Benz of Baton Rouge, Mercedes-Benz of Midlothian, or Atlanta Classic Cars, Inc., *Id. ¶14*. Finally, Airstream contends that after Plaintiff purchased the Vehicle from Foley RV in Mississippi, he made the "unilateral decision" to transport the Vehicle from Mississippi to his residence in Louisiana, where he allegedly experienced the problems at issue. *R. 4-1, p. 10.*

In his opposition brief, Plaintiff makes no distinction between specific or general jurisdiction. Rather, Plaintiff maintains that personal jurisdiction over Airstream exists in light of Airstream's appointment of an Agent for Service of Process in Louisiana and "its maintenance of a permanent business office in the state." *R. 11, p. 12*. While Plaintiff alleges in his Complaint that the non-resident corporation appointed an agent for service of process in Louisiana, he states in his opposition brief that Airstream "has and continues to maintain a business office within the State of Louisiana." *R. 11, p.10.* In support of this representation to the Court, Plaintiff cites the affidavit of Jessica Deville.[1] *11-1, Affidavit of Deville.*

---

[1] Plaintiff fails to identify who Deville is and why she is qualified to provide an affidavit as to any business in Louisiana much less Airstream's business.

8

Deville states she "accessed the internet website www.airstreamoflouisiana.com. She attaches what appears to be a copy of a portion of the website of "Airstream of Louisiana," an RV dealership. Based on this unfounded information, Plaintiff represents to the Court that Airstream "is licensed to and conducts business with the State..." and "markets its products to and sells its products directly to residents of Louisiana within Louisiana." While Plaintiff provides nothing in support of these statements, upon reviewing the website identified by Devillier the Court found that Devillier's attachment fails to include the entirety of the webpage. https://www.airstreamoflouisiana.com. Significantly the lower part states "Airstream of Louisiana a Division of The RV Shop." *Id.* The Louisiana Secretary of State's website for Louisiana Business Filings provides that "The RV Shop" is a Louisiana limited liability company, New Rockdale RV/Radio Shop, LLC, whose manager, is located in Mansfield, La. https://coraweb.sos.la.gov/commercialsearch. In its reply, Airstream attaches a second affidavit of Rick March which confirms that Airstream of Louisiana is a separate, independent dealer selling Airstream products. The Court finds Plaintiff's the foregoing representations unfounded and reckless. Such information will be disregarded. *R. 14-1*

Citing *Hebert v. C.R. England, Inc*., 2009 WL 1323038 (E.D.La.,2009), Plaintiff argues that the Court should find personal jurisdiction over Airstream based on Airstream's appointment of CT Corporation at 3867 Plaza Tower Drive, Baton

9

Rouge, Louisiana 70816. *R. 1, ¶ 3.* In *Hebert*, the court considered a motion to dismiss for lack of personal jurisdiction filed by the non-resident trucking defendant. In addressing only general jurisdiction, the *Hebert* court looked to an analogous trucking case, *Dumachest v. Allen*, 634 So.2d 1186 (La.App. 3 Cir. 2007), in which the court held no personal jurisdiction existed. The court found that like *Dumachest*, the non-resident trucking defendant in *Hebert* "does not own, maintain, or lease offices or other property in Louisiana.... does conduct some business in Louisiana when it either picks up a shipment from a Louisiana address or drops a shipment off to a Louisiana address, it does not garage its trucks in Louisiana and does not perform any intrastate trucking within Louisiana." The court further stated that like *Dumachest*, the accident at issue occurred outside of Louisiana." *Hebert* at *4. The court noted, however, that, unlike *Dumachest*, a dispute existed as to whether or not the non-resident trucking company had appointed a registered agent for service or process in Louisiana. In denying the motion pending discovery being conducted, the court stated, "if [the non-resident trucking company] did in fact designate an agent to receive service of process in Louisiana, then it likely established sufficient contacts to support this Court's exercise of personal jurisdiction over it in relation to this case." *Hebert v. C.R. England, Inc.,* 2009 WL 1323038, at *4 (E.D.La.,2009).

In this case, it is undisputed that Airstream is a non-resident, has no employees in Louisiana, does not own or lease property in Louisiana, has no bank accounts in

10

Louisiana, maintains no business presence or facilities in Louisiana, does not actively/directly market its products to consumers in Louisiana, did not sell the Vehicle directly to the Plaintiff in Louisiana or anywhere else, had no direct contractual relationship with the Plaintiff, had no contact or involvement, whatsoever, with Plaintiff in regard to the purchase of the Vehicle, and was never tendered the Vehicle for repair of the alleged defects. Plaintiff dealt only with Foley RV, an independent RV dealer, located in Mississippi, in purchasing his Vehicle, and only with independent Mercedes-Benz dealers regarding repair of the alleged defects. Airstream does have an appointed agent for service of process. Unlike *Hebert*, however, which involved a nationwide trucking company with "some business dealings in Louisiana," it is undisputed that Airstream had no such business link to Louisiana. The Court finds *Hebert* is factually distinguishable from the instant case.

Moreover, the Fifth Circuit held in *Siemer v. Learjet Acquisition Corp.* that a non-resident defendant's appointment of an agent for service of process pursuant to a state statute alone does not constitute consent to suit over claims that did not arise within the state. 966 F.2d 179, 181-83 (5th Cir. 1992), cert denied, 506 U.S. 1080 (1993) ([w]hile ... being qualified to do business, may on its face appear to be significant, it is of no special weight in evaluating general personal jurisdiction."). Moreover, the *Siemer* court held that plaintiff's assertion that the "mere service on a

11

corporate agent automatically confers general jurisdiction displays a fundamental misconception of corporate jurisdiction principles. This concept is directly contrary to the historical rationale of *International Shoe* and subsequent Supreme Court decisions." *Id.* at 183; *Mercury Rents, Inc. v. Crenshaw Enterprises Ltd.*, 2017 WL 2382483, at *2 (W.D.La., 2017) (same); *Crochet v. Wal-Mart Stores, Inc.*, 2012 WL 489204, at *4 (W.D.La.,2012) (same); *DNH,LLC v. In-N-Out Burgers*, 381 F.Supp.2d 559, 565 (E.D.La. 2005)("Qualifying to do business in a state and appointing an agent for service of process there do not amount to a 'general business presence' of a corporation that could sustain an assertion of general jurisdiction."). *See also Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445 (1952) (refusing to find jurisdiction based solely upon service; stating that a corporation having a registered agent in the forum state was "helpful but not a conclusive test" in the jurisdictional equation).

  The Court finds that Plaintiff's claims must be dismissed for lack of personal jurisdiction, whether general or specific, due to the total absence of any meaningful contacts by Airstream with Louisiana. Airstream's office is located in Ohio, also it has no offices or employees in Louisiana, and Plaintiff has not alleged any facts to suggest otherwise. Because of Airstream's almost complete lack of contacts with Louisiana, it is clear that it is neither "at home" in Louisiana nor has contacts with Louisiana that even scarcely approach the degree of "substantial" and "continuous

and systematic" for purposes of general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Accordingly, the Court finds that it lacks general personal jurisdiction over Defendants in this case.

Although specific personal jurisdiction requires less extensive contacts than those required for general personal jurisdiction, Plaintiff must still establish that Airstream has "purposefully directed [their] activities at the forum state and [that] the litigation results from alleged injuries that arise out of or relate to those activities." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010). Here, Plaintiff has clearly failed to meet his burden in showing that Airstream has sufficient contacts for specific personal jurisdiction for the same reasons the Court found above that general personal jurisdiction is lacking. First, none of the facts or alleged actions by Airstream that Plaintiff describes in the Complaint took place in Louisiana, *R. 1, ¶ 14 (a-i)*, and, furthermore, Plaintiff fails to allege any facts suggesting that Defendants purposefully directed such actions at Louisiana.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion To Dismiss Plaintiff's Complaint [Rec. Doc. 4] be **GRANTED IN PART AND DENIED IN PART AS MOOT** and all of Plaintiff's claims be **DISMISSED WITH PREJUDICE** based on Airstream's lack of personal jurisdiction.

13

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 1st day of October, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE